**Ramiro GARCIA–MACIEL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–71165.**

**INS No. A70–179–677.**

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 19, 2002.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judi-

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

MEMORANDUM \*\*

Ramiro Garcia–Maciel, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his request for remand to allow him to apply for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we grant the petition.

We review for abuse of discretion the BIA's denial of a motion to remand. *See Popova v. INS*, 273 F.3d 1251, 1257 (9th Cir.2001). The BIA properly determined that the stop-time rule applies to Garcia–Maciel's case. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). The BIA nevertheless abused its discretion by failing to consider evidence that Garcia–Maciel entered the United States in March 1986, more than seven years before the INS issued its Order to Show Cause. *See Tukhowinich v. INS*, 64 F.3d 460, 463 (9th Cir.1995).

We remand for the BIA to consider Garcia–Maciel's motion to remand in light of this evidence.

Garcia–Maciel's contentions that the stop-time rule is unconstitutional and should not apply in this case lack merit. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001).

---

cial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Garcia–Maciel's action under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *see Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).

**PETITION FOR REVIEW GRANTED.**